J-S26023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| PARIS LACEY | |
| Appellant | No. 2346 EDA 2015 |

Appeal from the PCRA Order Dated July 20, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at Nos: CP-51-CR-0003937-2008 and
CP-51-CR-0003938-2008

BEFORE:  OLSON, STABILE, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 20, 2016**

Appellant Paris Lacey *pro se* appeals from the July 20, 2015 order of the Court of Common Pleas of Philadelphia County ("PCRA court"), which denied his request for collateral relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9451-46.  Upon review, we affirm.

The facts and procedural history of this case are undisputed.  Briefly, on February 23, 2009, Appellant was sentenced to two consecutive five to ten year terms of imprisonment for two counts of aggravated assault under 18 Pa.C.S.A. § 2702(a)(6).[1]  We affirmed the judgments of sentence on

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant also was convicted of simple assault (18 Pa.C.S.A. § 2701(a)(3)) and recklessly endangering another person (18 Pa.C.S.A. § 2705)), for which no additional penalty was imposed.

December 6, 2010. *See Commonwealth v. Lacey*, 23 A.3d 568 (Pa. Super. 2010) (unpublished memorandum). Appellant did not file a petition for allowance of appeal to our Supreme Court. On August 15, 2011, Appellant filed a timely first PCRA petition, which the PCRA court dismissed. We affirmed the dismissal on October 15, 2013. *See Commonwealth v. Lacey*, 87 A.3d 883 (Pa. Super. 2013) (unpublished memorandum). On January 27, 2014, Appellant filed the instant—his second—*pro se* PCRA petition, alleging, *inter alia*, ineffectiveness of counsel. Concluding that the petition was untimely, the PCRA court denied relief on July 20, 2015. Appellant timely appealed to this Court.

On appeal,[2] Appellant raises two issues for our review. First, he argues that "a miscarriage of justice and manifest injustice occurred when the PCRA court appointed Appellant's [d]irect [a]ppeal counsel for collateral relief[,] which created a conflict of interest, and deprived Appellant of his right to competent and conflict free counsel in his first PCRA petition." Appellant's Brief at 4. Second, Appellant argues that his "trial counsel was ineffective for failing to file a timely post-sentence motion to preserve Appellant's weight of the evidence claim" and that his "[d]irect [a]ppeal

_____

[2] "In PCRA proceedings, an appellate court's scope of review is limited by the PCRA's parameters; since most PCRA appeals involve mixed questions of fact and law, the standard of review is whether the PCRA court's findings are supported by the record and free of legal error." *Commonwealth v. Pitts*, 981 A.2d 875, 878 (Pa. 2009) (citation omitted).

counsel was ineffective for failing to raise trial counsel's ineffectiveness."

*Id.*

As a threshold matter, we must determine whether the court erred in dismissing as untimely Appellant's PCRA petition. The PCRA contains the following restrictions governing the timeliness of any PCRA petition.

> **(b) Time for filing petition.--**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> >
> > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.
>
> (3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S.A. § 9545(b). Section 9545's timeliness provisions are jurisdictional. *Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014). Additionally, we have emphasized repeatedly that "the PCRA confers no

- 3 -

authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." ***Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa. 2003) (citations omitted).

Here, as stated earlier, the record reflects Appellant's judgment of sentence became final on January 5, 2011.  ***See*** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a).  Because Appellant had one year from January 5, 2011 to file his PCRA petition, the current filing is untimely on its face given it was filed on January 27, 2014.

The one-year time limitation, however, can be overcome if a petitioner alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA.  Here, Appellant concedes that the instant PCRA petition is untimely and that he has not alleged or satisfied any of the exceptions outlined in Section 9545(b)(1) of the Act.  Specifically, Appellant states that "[he] openly admits that his subsequent petition is untimely as is this appeal.  And he doesn't meet any of the exceptions pursuant to [Section] 9545(b)(1)(i), (ii) and (iii)."  Appellant's Brief at 1.  Accordingly, the PCRA did not err in dismissing as untimely Appellant's instant PCRA petition because the PCRA court did not have jurisdiction to entertain it.[3]

_____

[3] To the extent Appellant asks this Court to view the instant PCRA petition as an extension of his first PCRA petition, we decline to do so.  In ***Robinson***, our Supreme Court explained:

*(Footnote Continued Next Page)*

- 4 -

In sum, given the fact that Appellant filed the instant PCRA petition approximately two years after the deadline to file the petition had expired and he did not allege or satisfy any of the timeliness exceptions under Section 9545(b), the PCRA court did not err in dismissing his petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/20/2016

_(Footnote Continued)_ ─────────

> Once a PCRA petition has been decided and the ruling on it has become final, there is nothing for a subsequent petition or pleading to "extend." Far from continuing into perpetuity, the trial court's jurisdiction over a matter generally ends once an appeal is taken from a final order or, if no appeal is taken, thirty days elapse after the final order.

**_Robinson_**, 837 A.2d at 1162.